# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEREMIAH JAMES JUNEAU**                                   **CIVIL ACTION**

**VERSUS**

**ORLEANS PARISH, ET AL.**                                  **NO. 18-0020-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 5, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEREMIAH JAMES JUNEAU**                              **CIVIL ACTION**

**VERSUS**

**ORLEANS PARISH, ET AL.**                              **NO. 18-0020-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, a pretrial detainee confined at the Orleans Justice Center, New Orleans, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Parish of Orleans, the Orleans Parish Sheriff's Office, and Orleans Parish Sheriff's Deputy Brandon Jackson, complaining that his constitutional rights were violated on January 8, 2017 when Defendant Jackson, while off-duty, "attacked" Plaintiff on the street, "tackling [Plaintiff] down to the ground," resulting in serious injuries sustained by Plaintiff on that date.   Plaintiff also complains regarding the alleged denial of appropriate medical attention thereafter at the Orleans Parish Jail and of deficiencies in his ongoing criminal proceedings, including inadequate assistance provide by his assigned defense attorney.

Under the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may generally be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.   Further, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a Court of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it could have been brought.   In the instant case, Plaintiff is confined in the Eastern District of

Louisiana and complains regarding events that have allegedly occurred in the Eastern District. Inasmuch as the principal Defendants and witnesses related to Plaintiff's claims may be located in the Eastern District, the Court believes that it is in the interest of justice to transfer this case to the Eastern District of Louisiana where the evidence and witnesses will more likely be easily located and produced.

## RECOMMENDATION

It is recommended that this matter be transferred to the Eastern District of Louisiana for further proceedings. It is further recommended that any determination regarding Plaintiff's entitlement to proceed as a pauper herein be deferred to the transferee court for resolution and disposition.

Signed in Baton Rouge, Louisiana, on April 5, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**